# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-7686
cdipompeo@jonesday.com

December 15, 2020

VIA CM/ECF

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Clinton Nurseries, Inc. v. Harrington (In Re: Clinton Nurseries, Inc.)*, Case No. 20-1209 (argument held October 23, 2020 before the Honorable Circuit Judges Raggi, Sullivan, and Nardini)

Dear Ms. Wolfe:

    We write on behalf of *amicus curiae* MF Global Holdings Ltd., as Plan Administrator ("MF Global") under F.R.A.P. 28(j) in response to the letters (ECF 84, 86) submitted by the Government concerning the Fifth Circuit's decision in *Matter of Buffets, L.L.C.*, 979 F.3d 366 (5th Cir. 2020) and the Court of Federal Claims' decision in *Acadiana Management Group, LLC v. United States*, __ Fed. Cl. __, No. 19-496C, 2020 WL 7038411 (Fed. Cl. Nov. 30, 2020).

    First, although not mentioned in the Government's letter, MF Global notes that the Fifth Circuit specifically rejected the Government's argument that the permissive word "may" in 28 U.S.C. § 1930(a)(7) should be interpreted to be mandatory. *Buffets*, 979 F.3d at n.10. This argument was the sole basis for the decision below and featured prominently in the Government's arguments before this Court.

    Second, MF Global submits that the dissent in *Buffets*—also not mentioned in the Government's letter or in the *Acadiana* decision adopting *Buffets* (2020 WL 7038411 at *9)—best recognizes the constitutional infirmity at the heart of the arguments before this Court: that is, the Amendment's resurrection of a dual fee

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Catherine O'Hagan Wolfe, Clerk of Court
December 15, 2020
Page 2

system for US Trustee ("UST") districts and Bankruptcy Administrator ("BA") districts. The dissent notes that, as recognized in *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525 (9th Cir. 1994), the dual fee system is inherently non-uniform and cannot be justified by "a flawed tautology: Congress can justify treating bankrupts differently because it has chosen to treat them differently (higher fees because different programs)." While "Congress may have removed the harm to debtors by equalizing fees after *St. Angelo*," temporarily eliminating any party's standing to challenge the dual system, "it did not fix the underlying constitutional infirmity of a dis-uniform law on the subject of bankruptcies." The dissent concludes that because debtors whose cases were pending in UST districts before October 2018 must again pay higher fees than similarly situated debtors in BA districts, the court should "ameliorate the harm of unconstitutional treatment" and "order Buffets to pay the lower fee."

We respectfully request that you share this letter with the panel.

Sincerely,

*/s/ Christopher DiPompeo*
Christopher DiPompeo
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
cdipompeo@jonesday.com

*Counsel for amicus curiae MF Global Holdings Ltd., as Plan Administrator*

cc: Counsel of record (*via* CM/ECF)